1   **WO**

2

3

4

5

6               **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE DISTRICT OF ARIZONA**

8

9   United States of America,                    No. CR-18-50188-001-PHX-DJH
                                                 No. CR-18-50198-001-PHX-DJH
10                   Plaintiff,
                                                 **ORDER**
11   v.

12   Brian K. Brown, Jr.,

13                   Defendant.

14

15         In the two above-referenced cases, the Defendant, Brian K. Brown, Jr., filed what

16   he styled as Motions to Dismiss.  (Doc. 9 in CR-18-50188) (Doc. 10 in CR-18-50198).[1]

17   Therein he asks the Court to "resolve a federal probation violation that has been pending

18   since a detainer was filed," and that "the detainer be recalled and to serve his violation

19   concurrently with his sentence in the Arizona Department of Corrections." (Doc 9 at 2).

20   Alternatively, he asks that the Court set a hearing and permit him to appear audio-visually.

21   (*Id*.)  The Government has filed a Response (Doc. 12).  The time to file a Reply has passed.

22   For the reasons stated herein, the Court denies both Motions.

23         I.    **Background**

24         On October 15, 2018, the Court accepted jurisdiction over Defendant Brown's

25   supervised release following his convictions in the District of Alaska.  (Doc. 1).  In CR-

26   18-50188[2], the Defendant was convicted of Possession of Firearms in Furtherance of Drug

27

28   ---
[1] In this Order, the Court will refer to the Motion filed in CR-18-50188 as it is the older
case and because the Motion filed in CR-18-50189 is identical.
[2] Prior Case No. 06-CR-00005-JWS.

1    Trafficking and sentenced to 60 months of incarceration.  In CR-18-50198, the Defendant

2    was convicted of Distribution of Cocaine Base and sentenced to serve 135 months of

3    incarceration. Both sentences were ordered to run consecutively.  In each case, he was

4    ordered to serve a five-year term of supervised release to run concurrently.  (Doc. 1-2). The

5    Defendant began his supervised release term in September 2018. His date of supervised

6    release is stated to run from May 21, 2018 to May 20, 2023.  (Doc. 1 at 1).

7          In its Response, the Government states that on March 27, 2022, the Defendant was

8    convicted in the Maricopa County Superior Court of Aggravated Assault-Serious Physical

9    Injury, Misconduct Involving Weapons and Tampering with Physical Evidence, all of

10   which were committed on September 17, 2021.  (Doc. 12 at 2) (Exh. B).  The Defendant

11   was sentenced to a four-year term of incarceration followed by a three-year term of

12   supervised probation. (*Id*.)   The Defendant committed these new crimes while he was

13   serving his federal supervised release terms.  Thus, on September 21, 2021, a petition to

14   revoke the Defendant's supervised release in both federal cases was filed and remain

15   pending. (Doc 7) (*Sealed*).   Consequently, warrants and detainers were lodged on the

16   Defendant's  supervised release violation cases and remain pending. (Doc. 12 at 2).

17         The Defendant's Motions appear to be directed at the pending federal detainers.  He

18   states that it is in the interest of justice to permit him to be brought to federal court on the

19   detainers, to address his pending supervised release violation cases, and ultimately, to

20   permit him to serve any presumed supervised release violation dispositions concurrently

21   with his Maricopa County Court case sentence.  This request lacks a sufficient basis in law.

22         II.    **Law and Analysis**

23         As the Defendant notes, he is currently incarcerated on his state convictions and has

24   yet to be arrested for any violation of supervised release in either of his federal cases.  (Doc.

25   9 at 2).  Therefore, his request is not yet ripe for this Court's consideration. Generally,

26   courts invoke the ripeness doctrine and refuse to decide matters which could involve

27   "entangling themselves in abstract disagreements[.]" *Jacobus v. Alaska*, 338 F.3d 1095,

28   1104 (9th Cir. 2003).   Moreover, the federal government is not constitutionally required

- 2 -

1   to writ a defendant out of state custody and bring him into federal custody for purposes of

2   executing a violation warrant. *United States v. Garrett*, 253 F.3d 443, 448 (9th Cir. 2001).

3   Indeed, the federal government is within its discretion to wait until a defendant is released

4   from state custody to execute a federal detainer. *Id*.

5          To the extent that the Defendant's statement that "resolving his detainer would

6   allow for him to participate in all rehabilitation programs within the Arizona Department

7   of Corrections" can be construed as a claim of prejudice, he provides little explanation.

8   Further, it is not uncommon for a district court to revoke a term of supervised release after

9   its term has expired in certain circumstances. *Id* at 446 (expounding on 18 § U.S.C.

10  3583(i)(2016)). But as discussed, the federal government has yet to execute the detainers

11  in Defendant's two federal supervised release cases.  Thus, there is nothing for the Court

12  to further consider.   Accordingly,

13         **IT IS ORDERED** denying the Defendant's Motions to Dismiss in CR-18-15088-

14  PHX-DJH-1 (Doc. 9), and in CR-18-50198-PHX-DJH-1 (Doc. 10).

15         Dated this 4th day of January, 2023.

16

17

18                                             Honorable Diane J. Humetewa
                                                 United States District Judge
19

20

21

22

23

24

25

26

27

28